UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.: 06-CR-20752-PCH


UNITED STATES OF AMERICA,

                        **Plaintiff,**

v.

DJIMITRI GLEMAUD,

                        **Defendant.**

_____/


## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

This matter is before the Court upon Defendant, Djimitri Glemaud's, Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [D.E. #32], filed July 18, 2011. Glemaud seeks to reduce his sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"). For the reasons discussed below, Glemaud's motion is denied.

### I.      BACKGROUND

On February 1, 2007, Glemaud pleaded guilty to one count of conspiracy to possess, with intent to distribute, more than five grams of crack cocaine, in violation of 21 U.S.C §§ 841(b)(1)(B), 846. Pursuant to the United States Sentencing Guidelines (the "Guidelines"), Glemaud's offense resulted in a base offense level of 26 and a criminal history category III. Glemaud, however, was sentenced as a career offender under section 4B1.1 of the Guidelines because of two prior felony convictions for controlled substances, which elevated his offense level and criminal history to 34 and VI, respectively. Glemaud then received a three point reduction of his offense level for acceptance of responsibility. This resulted in an offense level of 31 and a Guideline sentence range of 188-235 months imprisonment. On April 12, 2007, this Court sentenced Glemaud to a 188 month term of imprisonment.

The FSA increases the amount of crack cocaine necessary to trigger minimum and maximum sentences for sentences imposed after August 3, 2011. Fair Sentencing Act of 2010, Pub.L. No. 11–220, 124 Stat. 2372 (2010). Prior to the enactment of the FSA, a violation of 21

U.S.C. § 841 involving 5-50 grams of crack cocaine resulted in a minimum five years and maximum forty years incarceration.  21 U.S.C § 841(b)(1)(B)(iii) (2006).  The FSA amended the statute such that a violation of 21 U.S.C. § 841 involving fewer than 28 grams of crack cocaine results in no minimum and a maximum twenty year term of imprisonment.  Pub.L. No. 11–220, 124 Stat. 2372.  However, after the FSA, a crack cocaine conviction involving less than 28 grams of cocaine when the defendant has a prior felony drug conviction results in a maximum prison sentence of thirty years.  21 U.S.C § 841(b)(1)(C) (Supp. 2011).  Glemaud seeks a reduction in his sentence and argues that under the FSA his conviction involving 17.7 grams of crack cocaine results in a lower career offender Guideline range pursuant to section 4B1.1(b).

## II.    DISCUSSION

Glemaud's argument fails for two reasons.  First, Glemaud is not eligible for a reduction in sentence under the FSA because he was sentenced before the effective date of the FSA, which was August 3, 2010.  The Supreme Court held that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but that were not sentenced until after August 3."  *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).  Likewise, the Eleventh Circuit has explained that "a defendant who was sentenced prior to the enactment of the FSA" will not benefit from its application.  *United States v. Rojas*, 645 F.3d 1234, 1238 (11th Cir. 2011), *reh'g en banc granted*, *opinion vacated*, 659 F.3d 1055 (11th Cir. 2011).  Because Glemaud was sentenced more than three years before the FSA became effective, he does not qualify for relief under the FSA.

In addition, Glemaud does not qualify for relief because he was sentenced as a "career offender" under the Guidelines.  As such, the FSA does not reduce his Guideline sentencing range that applied when he was sentenced.  Under the pre-FSA law, Glemaud was subject to a five year minimum and forty year maximum prison term for his conviction involving 17.7 grams of crack cocaine.  21 U.S.C § 841(b)(1)(B)(iii) (2006).  Glemaud contends that his maximum sentence would be reduced to twenty years if he were sentenced under the FSA, which would reduce his Guideline offense level under section 4B1.1(b).  He is incorrect.  Because of his prior drug convictions, his maximum sentence would have been reduced to thirty years of imprisonment, not twenty.  *See* 21 U.S.C § 841(b)(1)(C) (Supp. 2011).  This reduction in maximum sentence would not reduce his offense level under section 4B1.1(b).  *See* U.S.S.G. § 4B1.1(b).  Section 3582(c)(2) of Title 18 United States Code authorizes a reduction in sentence

only when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2); *see also United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding sentence reduction not available when subsequent amendment to Guidelines does not affect sentence that was imposed, even if subsequent amendment affects the base offense level); *United States v. Lawson*, 397 F. App'x 576, 578 (11th Cir. 2010) ("A sentence reduction is not consistent with the Commission's policy statements where an amendment 'does not have the effect of lowering the defendant's applicable guideline range.'") (quoting U.S.S.G. § 1B1.10). Even if Glemaud had been sentenced after enactment of the FSA, he would have been subject to the same Guideline range pursuant to his career offender status.  Accordingly, a reduction in sentence under § 3582(c)(2) is not available.

## III.    CONCLUSION

For the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [D.E. #32] is DENIED.

DONE AND ORDERED, in Chambers, Miami, Florida, August 20, 2012.


Paul C. Huck
United States District Judge


Copies furnished to:
Counsel of record

3